20209. STEVENS SUPPLY COMPANY *v.* STAMM.

DECIDED MARCH 4, 1930.

*Connerat & Hunter,* for plaintiff.

*Anderson, Cann & Cann,* for defendant.

LUKE, J. Stevens Supply Company, as materialman, brought proceedings in the municipal court of Savannah against W. W. Johnson, as contractor, and Caroline Stamm, as owner, to foreclose a lien against certain real estate located in the City of Savannah. The court overruled Caroline Stamm's general demurrer to the petition, and rendered judgment against the defendants. Caroline Stamm appealed her case to the superior court of Chatham county, and the judge of that court reversed the municipal court and sustained her demurrer. Stevens Supply Company excepts to this judgment.

The petition alleges that Zack Petouvis leased from Caroline Stamm certain real estate in Savannah; that this lease contained the following provision: "It is expressly understood and agreed that said tenant will upon the beginning of the term of rental herein provided for, whether such time shall begin on October 1, 1929, or upon an accelerated date as hereinafter provided, immediately make such improvement and repairs as shall be necessary to put the said property in first class condition at a cost not less than $2,500, and diligently prosecute and complete such improvements and repairs as shall be necessary at the earliest practicable moment;" that while said Petouvis was a tenant of Caroline Stamm under said lease, he entered into a contract with contractor (W. W. Johnson) for the improvement and repair" of the leased premises; and that at the instance of the contractor materials of the value of $75.33 were furnished by petitioner to the contractor for the improvement of said real estate.

We quote the following concise statement of the law controlling this case from the opinion in *Consolidated Lumber Co.* v. *Ocean*

*Steamship Co.,* 142 *Ga.* 186, 189, 190 (82 S. E. 532). "The statute gives to one furnishing material for the improvement of real estate upon the employment of a contractor, or some other person than the owner, a lien upon the real estate improved, for the material used in the improvement. Civil Code (1910), § 3352. This has been construed to mean that the material so furnished must be under contract with a contractor or with some person occupying a similar relation to the owner as that of contractor. *Pittsburg Plate Glass Co.* v. *Peters Land Co.,* 123 *Ga.* 723 (51 S. E. 725). And in that case it was held that one who furnishes material for the improvement of real estate, upon the employment of a contractor whose contract for the improvement is with the lessee, and who sustains no contractual relation with the owner of the fee, is not entitled to a lien against the owner of the premises. A tenant can not order work done upon the demised premises and charge the owner with the cost, unless there is some relation existing between him and his landlord other than that of lessor and lessee, by virtue of which the landlord expressly or impliedly consents to the contract under which the improvements are made. The mere knowledge of the landlord that the improvements are being made by the tenant is insufficient to charge him or his premises with their cost. He must expressly or impliedly authorize the tenant to make the improvements for the former's benefit. *Central of Georgia Railway Co.* v. *Shiver,* 125 *Ga.* 218 (53 S. E. 610)."

In the case from which we have just quoted, the steamship company leased its wharf to the railway company for a term of five years, under a contract providing that upon the termination of the lease there should be "an equitable adjustment between the parties of the value of any betterment or improvement, properly chargeable to capital account, which should have been erected or constructed on the demised premises by the railroad company with the express written consent of the steamship company." The plaintiff furnished to the contractor lumber which was used in the construction of a wharf and shed, and at the termination of the contract the steamship company reimbursed the railway company for the expense of the improvements made, though it did not consent in writing to the lessors making the improvements. The court concluded in this case that the lease contract did not authorize the railway company to act as the agent of the steamship company in construct-

ing any improvement, and did not obligate the steamship company to reimburse the railway company for improvements made with its written consent. It held that the materialman was not entitled to a lien on the improved property.

In *Central of Georgia Railway Co.* v. *Shiver*, 125 *Ga.* 218 (supra), the railway company leased certain land to Ansley in consideration of his erecting thereon a building to be used solely as a warehouse and routing all his freight over lessor's road. Shiver sought to foreclose a lien for material furnished by him to Ansley, who, as tenant of the railway company, was erecting the warehouse on land owned by it. The Supreme Court held that the petition set out no cause of action. In the opinion (p. 221) it was said: "The railway company consented that a building might be erected on its land, but it never gave its consent to any contract for its erection or for the furnishing of materials to be placed thereon."

The petition in the case at bar is somewhat meagre as to facts. The nature of the repairs does not appear, and for whose benefit they were to be made is not clear. The lessee was to make them, and it is a fair presumption that he was to pay for them. Certainly there is nothing to show that the lessor was to pay directly for the repairs or that she was to reimburse the lessee for doing so. The lessee was acting for himself alone in contracting to have the improvements made. He was not the agent of the lessor in that transaction. There was no contractual relation between the contractor and the lessor as to the making of the repairs, and, consequently, no materialman's lien. Therefore the general demurrer was properly sustained.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*