### 22484. WOOTEN *v.* FORD.

BROYLES, C. J. 1. Statutes affording summary remedies must be strictly construed (*Porter* v. *Lively,* 45 *Ga.* 159; *Parks* v. *Simpson,* 124 *Ga.* 523, 524; 52 S. E. 616), and where it is sought to enforce a lien under a statute which is in derogation of the common law, the probata must strictly correspond with the allegata. *Mabry* v. *Judkins,* 66 *Ga.* 732; *Faircloth* v. *Webb,* 125 *Ga.* 230 (4) (53 S. E. 592).

2. "Where a contractor, under a definite contract containing a stipulated price for the entire work, undertakes to erect a building on a lot of land and abandons the construction of the building, the owner may complete the work; and if he does so, the necessary cost of so doing may be deducted from the contract price, and the property will be subject to the liens of materialmen and laborers to the extent only of the balance." *Young* v. *Harley-Mitchell Co.,* 173 *Ga.* 35 (159 S. E. 567).

3. In the instant case it appears as an undisputed fact, from the evidence, that the owner of the building in question, prior to the recording of the plaintiff's laborers' liens, had paid to the contractor all the money that was due him (the contractor) under the contract. It is true that the evidence shows also that a part of the contract price was paid out to materialmen after the liens were recorded, but it further appears from the evidence that the money so paid out was for bills for material which, *under the terms of the contract, had been assumed by the owner before the plaintiff had recorded his liens.* It follows that the verdict for the plaintiff was unauthorized, and that the court erred in overruling the defendant's motion for a new trial. The cases cited in the brief of counsel for the defendant in error are distinguished by their particular facts from this case.

*Judgment reversed. Hooper, J., concurs. MacIntyre, J., not presiding.*

DECIDED NOVEMBER 17, 1932.

*Pottle, Farkas & Cobb,* for plaintiff in error.
*Adie N. Durden, Thomas H. Milner,* contra.