32367, 32368.   JONES *v.* E. I. ROOKS & SON *et al;* and
*vice versa.*

DECIDED MARCH 18, 1949.

792

*Christopher & Futral, Goddard & Flynt,* for Jones and Torbett.
*W. M. Redman, W. E. Watkins, Benjamin B. Garland,* for
Rooks.

SUTTON, C. J. (After stating the foregoing facts.) ■ Code
§ 67-2001 (1,2) provides: "1. All mechanics of every sort,
who have taken no personal security therefor, shall, for work
done and material furnished in building, repairing, or improving
any real estate of their employers; all contractors, materialmen,
and persons furnishing material for the improvement of real
estate; . . shall each have a special lien on such real estate
. . 2. When work done or material furnished for the improve-
ment of real estate is done or furnished upon the employment
of a contractor or some person other than the owner, the lien
given by this section shall attach to the real estate improved as
against such true owner for the amount of the work done or
material furnished, unless such true owner shall show that such
lien has been waived in writing, or shall produce the sworn state-
ment of the contractor or other person, at whose instance the
work was done or material was furnished, that the agreed price
or reasonable value thereof has been paid: Provided, that in
no event shall the aggregate amount of liens set up hereby

exceed the contract price of the improvements made." The lien sought to be enforced here attaches to realty rather than personalty. The term true owner as used in the above Code section would include one having an estate in realty, and the lien prescribed would attach to such an interest in realty. See *James G. Wilson Mfg. Co.* v. *Chamberlin-Johnson-DuBose Co.*, 140 *Ga.* 593 (79 S. E. 465). This interest in realty should be distinguished from the interest of one entitled only to the use and enjoyment of the premises, that is to say, one having only a usufruct. Under the provisions of the lease involved in the present case, the lessee has a lease on the property involved for a period of three years, with an option to renew or extend the lease for a period of not more than seven additional years. It does not appear that the lessee has exercised this option, and until this is done the lease cannot be treated except as a lease for three years. There is no provision in the lease showing an intent of the parties to convey more than the right to the use and enjoyment of the property, including the right to make improvements thereon for the benefit of the lessee. Code § 61-101 is as follows: "When the owner of real estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them. In such case no estate passes out of the landlord, and the tenant has only a usufruct, which he may not convey except by the landlord's consent and which is not subject to levy and sale; and all renting or leasing of such real estate for a period of time less than five years shall be held to convey only the right to possess and enjoy such real estate, and to pass no estate out of the landlord, and to give only the usufruct, unless the contrary shall be agreed upon by the parties to the contract and so stated therein." The defendant Jones has only a usufruct in the realty involved, to which a materialman's lien as here sought cannot attach, and which is not subject to levy and sale, and the trial court erred in overruling his general demurrer to the petition.

■ One who furnished material for the improvement of real estate, upon the employment of a contractor whose contract for

the improvement is with a lessee, and who sustains no contractual relationship with the owner of the fee, is not entitled to a materialman's lien as against such owner. *Pittsburgh Plate Glass Co. v. Peters Land Co.,* 123 *Ga.* 723 (51 S. E. 725); *Central of Ga. Ry. Co. v. Shiver,* 125 *Ga.* 218 (53 S. E. 610); *Consolidated Lumber Co. of Ga. v. Ocean Steamship Co.,* 142 *Ga.* 186 (82 S. E. 532); *Stevens Supply Co. v. Stamm,* 41 *Ga. App.* 239 (152 S. E. 602). The title of the true owner of the land cannot be subjected to a lien for improvement, unless it is shown that he expressly or impliedly consented to the contract under which the improvements were made. *Rutland Contracting Co. v. Sallie E. Gay Estate,* 193 *Ga.* 468 (18 S. E. 2d, 835), and citations. The petition shows that the contract for improvements was made by the lessee, the defendant Jones, who had no estate in the realty, but only a usufruct, and the material was furnished to the contractor employed by Jones. It appears that Jones acted in his own behalf and not as an agent for the lessor in making the contract for the improvements. "It is generally held that a provision in a lease merely authorizing the lessee to make improvements does not render the lessee the agent of the lessor for that purpose." 79 A. L. R. 962, 969; 163 A. L. R. 992, 997; supported by citations from numerous jurisdictions, including *Stevens Supply Co. v. Stamm,* supra. The interest of the lessor Torbett in the real estate is not subject to a materialman's lien for material used in making improvements on the property, pursuant to a contract made by the lessee, who had only a usufruct in the property, where it does not appear that such contract for improvements was made by authority of the lessor, or with his express or implied consent, and the trial judge did not err in sustaining the general demurrer of the defendant Torbett to the petition, and in dismissing the petition as to such defendant.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Felton and Parker, JJ., concur.*