MARSHALL *v.* PEACOCK *et al.*

No. 16721. SEPTEMBER 16, 1949. REHEARING DENIED OCTOBER 13, 1949.

*E. P. Johnston, Hall & Bloch,* and *Denmark Groover Jr.,* for plaintiff.

*Miller, Miller & Miller,* for defendants.

HEAD, Justice.   In the present case the plaintiff seeks to foreclose in equity an alleged materialman's lien.   No copy of the alleged lien is attached to the petition, and the allegations with reference to such lien are vague and incomplete, it being alleged only that beginning on or about May 17, 1948, and ending on July 26, 1948, the plaintiff furnished Jenkins material to build a house, that on July 28, 1948, the plaintiff filed his claim of lien for the material furnished, and that the lien was duly recorded.

In a proceeding to foreclose a materialman's lien the plaintiff must show that the amount for which he asserts a lien comes, in whole or in part, within the contract price agreed on by the

contractor and the owner of the property improved. *Stevens* v. *Georgia Land Co.*, 122 *Ga.* 317 (50 S. E. 100); *Central Railway Co.* v. *Shiver*, 125 *Ga.* 221 (53 S. E. 610); *Georgia Steel Co.* v. *White*, 136 *Ga.* 494 (9) (71 S. E. 890); *Consolidated Lumber Co.* v. *Ocean Steamship Co.*, 142 *Ga.* 190 (82 S. E. 532); *Young* v. *Harley-Mitchell Hardware Co.*, 173 *Ga.* 38 (159 S. E. 567).

In *Central Railway Co.* v. *Shiver*, supra, in a proceeding to foreclose a materialman's lien, it was held in part: "It seems to be the purpose of the statute to charge the owner of real estate with a lien for material furnished only when there was a specific contract for the improvements made, either made by the owner or assented to by him. . . The statute provides that 'in no event shall the aggregate amount of liens claimed exceed the contract price of the improvements made.' There could be no limit upon the true owner's liability for material furnished, unless the material were furnished under some contract to which he was a party expressly or by implication. . . There need be no contract between the materialman and the true owner, but there must be a contract for material with a person who has contracted with the true owner for the erection of the improvements. A contract is necessary to fix the liability of the owner and establish a privity between him and the materialman. A stranger may not order work done upon real estate and thus charge the true owner. Neither may a tenant, unless there is some relation existing between him and his landlord other than that of lessor and lessee." See Code, § 67-2001 (2); *Reppard* v. *Morrison*, 120 *Ga.* 28 (47 S. E. 554); *Picklesimer* v. *Smith*, 164 *Ga.* 600, 607 (139 S. E. 72); *Georgia State Savings Assn.* v. *Wilson*, 189 *Ga.* 21 (5 S. E. 2d, 14); *Rutland Contracting Co.* v. *Gay Estate*, 193 *Ga.* 469 (18 S. E. 2d, 835).

The plaintiff does not allege that he had a contract with Jenkins or any other person to furnish materials, nor does he allege that the lien which he seeks to have foreclosed covers, in whole or in part, the contract price of the materials. In the absence of allegations of a contract, and the amount to be paid under the contract for materials, the petition failed to state a cause of action for any affirmative relief, for unless the plaintiff had a valid, subsisting lien, he would have no right to interfere with the collection of the execution described in his petition.

The allegation of the petition, that "The fact of the furnishing of the materials was well known to the said Mrs. Kathleen R. Pape during the time they were being furnished and prior to the giving of the deed to secure debt . . and consented to by her," is wholly insufficient to show a contract with Mrs. Pape with reference to the materials furnished by the plaintiff.

In *Carr & Co. v. Witt*, 137 *Ga.* 373, 374 (73 S. E. 668), it was held: "The allegation that Carl Witt 'ratified and assented to the contract' means nothing more than that Carl Witt gave his consent that the improvements should be made under the contract between the tenant and the contractor, and does not mean that he adopted the contract as one made for him by the tenant acting as his agent, so as to bring him into contractual relations with the contractor making the improvements and furnishing the material. *Pittsburgh Plate Glass Co. v. Peters Land Co.*, 123 *Ga.* 723 (51 S. E. 725); *Central of Georgia Railway Co. v. Shiver*, 125 *Ga.* 218 (53 S. E. 610)."

Under the allegations of the petition, Mrs. Pape was not the "true owner" of the land at the time it is alleged that she consented to the furnishing of materials. On the contrary, the title to the land was in Mrs. Miller up until July 7, 1948, the date on which she executed a warranty deed to Jenkins, who in turn conveyed the property to Mrs. Pape by a deed to secure debt. Construing the allegation quoted and relied upon to show the consent of Mrs. Pape most strongly against the pleader, as must be done on general demurrer, her alleged consent was given at a time when she had no title or interest in the property, and no reason, apparently, to offer any objection to any arrangement or agreement that might be entered into by Jenkins with any person.

The plaintiff does not show any contract with Jenkins, nor does he show any contract with Mrs. Pape, or Mrs. Miller, who was the true owner of the land at the time the plaintiff alleges he started to furnish materials. Under the allegations of the petition, the execution in favor of H. K. Burns, as transferee of Mrs. Kathleen Pape, has priority over any alleged claim of lien of the plaintiff. The trial court properly sustained the demurrers and dismissed the petition.

*Judgment affirmed. All the Justices concur.*

## AMENDMENT OF RULE. JUNE 28, 1949.

It is ordered that Rule 2 of this Court (as stated in Code, § 24-4502) relating to the admission of non-resident attorneys to practice in this Court be and the same is hereby amended, so that it will read as follows:

Rule. 2. Non-resident attorneys; admission to practice—Attorneys of any other State of the United States, or of any District, or Territory thereof, including the District of Columbia, may, upon application, be admitted to practice in this Court, on taking a like oath, and paying a like fee to the clerk (as prescribed in the preceding rule), provided that any attorney desiring to be so admitted shall submit with his application a certificate of the clerk and of the Chief Justice or Presiding Justice of the highest court of the State, District, or Territory, in which the applicant resides, stating that he is a member of the bar of such court in good standing, and further, that under the law of such foreign State, District, or Territory, members of the bar of this Court are eligible by like or equivalent comity to admission to practice in the highest court of such foreign State, District, or Territory. The certificate must be under the seal of the court and cite the law or laws of said State, District, or Territory providing for such admission by comity therein.

(a) As a matter of comity or professional courtesy, a visiting attorney from another State, or from a District or Territory, may, by leave of the Court, be heard as associate, or even as leading counsel, in a single case, without being admitted as a regular practitioner. No such indulgence, however, will be extended to any attorney who is a resident of this State.

## AMENDMENT OF RULES. JANUARY 10, 1950.

It is ordered that the Rules of the Supreme Court be hereby amended as follows, said amendments to be effective only as to those cases hereafter docketed and assigned to the March, 1950, calendar, and to all cases thereafter docketed:

Rule 18 is amended by repealing the first sentence thereof and by adopting in lieu thereof a new sentence, so that said Rule as amended, shall read as follows: "The brief of counsel for the plaintiff in error must be filed with the clerk within 15 days after the docketing of the case in this court; and the brief of counsel for the defendant in error must be filed with the clerk within 25 days after the case is docketed. Briefs may be served personally or by mail. Service may be shown by written acknowledgement, or by the certificate of counsel, or by the affidavit of the party who delivered or mailed the brief, showing that service has been made as above prescribed. All briefs, reply briefs, supplemental briefs, and written arguments, and all motions of whatever nature, must show that they were served before they are offered for filing. At least three copies of all briefs, of every kind, shall be furnished.

Rule 19 is amended by repealing the last sentence thereof.

Rule 29 (a) is amended by changing the word "nineteenth," appearing twice therein, to "eighth" in both places, so that said section as amended shall read as follows:

"Rule 29(a). *Closing of dockets.* The dockets of this court for the January, April, and September terms shall close on the eighth day of February, June and October, respectively, at noon. When the aforesaid eighth day shall fall on Sunday, the docket shall close at noon of the following day."

A new rule to be numbered Rule 29 (a-1) is hereby adopted, to read as follows:

"Rule 29 (a-1). *Notice of docketing of cases.* Immediately upon the docketing of every case in the Supreme Court the clerk shall notify by mail counsel for each side of the docketing of the case and of the calendar to which the case has been assigned."