19695. LUMBER FABRICATORS, Inc. *v.* GREGORY.
19696. LUMBER FABRICATORS, Inc. *v.* JONES *et al.*

HAWKINS, Justice. Lumber Fabricators, Inc., filed a petition in Cobb Superior Court, on January 29, 1957, against Clarence M. Jones, Mrs. Agnes W. Jones, and Edward B. Gregory, alleging: That defendants are residents of Cobb County, Georgia; that defendant Gregory is indebted to plaintiff in the sum of $4,900; that defendants Mr. and Mrs. Jones are the owners of a described tract of land; that defendant Gregory is a building contractor, who was employed by Mr. and Mrs. Jones to construct a residence on above mentioned and described property; that plaintiff is a building-material

dealer, and as such had within the past ninety days furnished to defendant Gregory building materials to be used in the construction of said house, the value of said material being $4,900; that plaintiff has recorded its materialman's lien in the office of the Clerk of the Superior Court of Cobb County, as provided by law; that said material so furnished was used by defendant Gregory in the partial construction of the house referred to above; that said building is only partially completed, and has been abandoned by said contractor, and all work and labor has ceased on said building, and said house is now deteriorating and becoming damaged in its unfinished condition; that defendant Gregory has failed to pay plaintiff's claim; and that all of said indebtedness is now past due. The petition further alleges that there are other creditors situated similarly to plaintiff who furnished labor and materials to the contractor in connection with this job, in the sum of approximately $3,000, and which were used and employed in improving said property; and that, as between themselves, all those similarly situated, who within the statutory time file and record their lien, are of equal rank and dignity; that plaintiff does not at this time have the names of the creditors aforesaid, but alleges that the time for asserting a lien by them has not expired; that, if all the creditors who are entitled to assert a claim or lien are permitted to prosecute separate actions, a multiplicity of suits will result; and that a court of equity should assume jurisdiction and require all creditors similarly situated to intervene in this proceeding and have their respective liens set up, established, and foreclosed herein, and the rights and priorities as between themselves adjudicated, and should be restrained from prosecuting separate actions; that, because of the facts herein alleged, an irreparable injury may result to plaintiff and other creditors similarly situated unless a receiver is appointed to take charge of said property and to hold the same for the benefit of the creditors, subject to the orders of the court; and that this bill is brought as a class bill for the benefit of plaintiff and all other creditors similarly situated. It is alleged that defendant Gregory is insolvent.

The prayers are: (a) That plaintiff have a judgment against defendant Gregory in the sum of $4,900, plus interest at 7% until paid; (b) that plaintiff's claim be set up and established

in these proceedings, and that said judgment be made a special lien on the described property; (c) that all persons having claims or liens against said property be restrained from prosecuting separate actions, and in lieu thereof be required to intervene and have their rights and priorities established in these proceedings; (d) that a receiver be appointed to take charge of said property; (e) for rule nisi; and (f) for general relief, and process.

Separate general and special demurrers were filed by each of the three named defendants. Each general demurrer is on the ground that the petition fails to state a cause of action and is based upon conclusions of the plaintiff, without sufficient facts being stated therein to set forth a cause of action.

The trial judge entered separate judgments on the demurrers, each of which reads as follows: "The within and foregoing general demurrer hereby sustained." The exception here is to these judgments, and to the refusal of the trial judge to allow the filing of an "amendment meeting each and every ground of the special demurrers." *Held:*

1. The plaintiff corporation alleges that it has "furnished to said defendant, Edward B. Gregory, contractor, building materials to be used in the construction of a house on the above described lot, the value of said building material being $4,900"; but there is no allegation that the corporation had a contract with Gregory or any other person to furnish materials, nor is it alleged that the lien which it seeks to have foreclosed covers, in whole or in part, the contract price of the materials. "In a proceeding to foreclose a materialman's lien the plaintiff must show that the amount for which he asserts a lien comes, in whole or in part, within the contract price agreed on by the contractor and the owner of the property improved"; and "A petition which fails to show that there was a contract with the owner of the property, or that the owner adopted the contract as one made for him, so as to bring him into contractual relations with the contractor furnishing the materials, does not state a cause of action for the foreclosure of a materialman's lien." *Marshall v. Peacock,* 205 *Ga.* 891, 892 (55 S. E. 2d 354).

2. The demurrers in these cases contained both general and special grounds. The bills of exception recite that, after argument of counsel, the court sustained each of said general

demurrers; that, after the court had orally stated that it was sustaining said general demurrers, the plaintiff, through its counsel, offered and insisted upon filing an amendment "meeting each and every ground of the special demurrers," which the court denied on the ground that the petition did not set forth a cause of action, and was insufficient to justify the allowance of the proposed amendment, and thereafter the court entered the following order in each case: "The within and foregoing general demurrer hereby sustained." While the bills of exception complain of the refusal of the trial judge to allow the filing of an "amendment meeting each and every ground of the special demurrers," so far as these records show, the special demurrers have not been passed upon. And even conceding that the plaintiff had met the grounds of the special demurrers by amendments alleging the date or time when the defendants Mr. and Mrs. Jones employed the defendant Gregory, the manner or type of employment, the responsibilities to each other under the alleged employment and showing what materials were furnished, the dates said materials were furnished, the manner in which the alleged value of $4,900 was computed, and when and where the lien was recorded—the petition would still fail to state a cause of action, in that it would not allege a contract between the plaintiff and Gregory or Mr. and Mrs. Jones to furnish materials, or that the lien which it seeks to have foreclosed covers, in whole or in part, the contract price of the materials. As was held in *Marshall* v. *Peacock*, 205 *Ga.* 891, 893, supra, "In the absence of allegations of a contract, and the amount to be paid under the contract for materials, the petition failed to state a cause of action for any affirmative relief"; and the trial judge did not err in sustaining the general demurrers. Code (Ann. Supp.) § 67-2001 (2); *Roberts* v. *Georgia Southern Supply Co.*, 92 *Ga. App.* 303 (1) (88 S. E. 2d 554).

*Judgments affirmed. All the Justices concur.*

ARGUED MAY 14, 1957—DECIDED JUNE 10, 1957—REHEARING DENIED JULY 3, 1957.

*Drennan & Brannon, Brackett & Brackett,* for plaintiff in error.

*Vernon W. Duncan, Frank D. Holcomb,* contra.