38239. ATHENS ELECTRIC SUPPLY COMPANY *v.*
DELTA OIL, INC.

DECIDED APRIL 14, 1960.

*C. O. Baker,* for plaintiff in error.

*Guy B. Scott, Jr.,* contra.

TOWNSEND, Judge. 1. "The lien of one who furnishes labor and material upon the employment of a contractor cannot be foreclosed by a direct suit against the owner of the premises without previously or concurrently suing the contractor to whom the labor and material were furnished." *Cheshire* v. *Engelhart,* 82 *Ga. App.* 458 (2) (61 S. E. 2d 434). Code (Ann.) § 67-2002 (4) was added by amendment by the act of 1956 (Ga. L. 1956, p. 562) which act stated that its purpose is to amend Chapter 67 relating to liens, etc., "so as to establish liens in favor of subcontractors and in favor of mechanics and materialmen furnishing labor or material to subcontractors for the improvement of real estate; to provide a method of declaring and creating such liens; to prescribe the effect of notice of lien rights; to repeal conflicting laws and for other purposes." From the caption as

well as the subject matter of the act itself it was the obvious intention of the legislature to deal only with the subject matter of lien and mortgage establishment and foreclosure as affecting subcontractors and persons claiming against or under subcontractors. Accordingly nothing in Code § 67-2002 (4), which deals with making contractors or subcontractors parties, and with interventions by these persons when not named as parties, had the effect of repealing the provisions of Code (Ann.) § 67-2002 (3) as to the requirement that except in the situations therein set out the owner of property could not be sued without first or concurrently suing the contractor. Code (Ann.) § 67-2002 (3) was by the same act amended by adding the word "subcontractor" after "contractor" in each of the instances therein set out, thus indicating the intention to keep the language of the subsection intact but to extend it both to contractors and subcontractors. In view of this fact, that part of subsection 4 which designates a subcontractor as a proper but not a necessary party, and another clause which designates a contractor as a proper but not a necessary party, does not mean that the materialman may sue the owner directly without joining either the contractor or subcontractor, and without having obtained a prior judgment against either the contractor or subcontractor, and without having shown any of the reasons for his failure to do so sanctioned by Code § 67-2002 (3).

■ This petition first named Sam McClure as a party defendant, but he was later stricken, and the name of E. K. Aldridge & Sons, general contractor, was added by amendment, and that party was served and apparently filed pleadings in the cause. While a lien foreclosure proceeding is strictly statutory, and the requirements of the statute must be substantially followed, and while in a purely legal proceeding new parties cannot be added over objection unless the statute specifically provides for such procedure (*Miles* v. *Wilson*, 212 *Ga.* 60, 90 S. E. 2d 568), it is also the rule that where a new party has in fact been added without objection, this court, on appeal, will not consider an objection on this ground raised here for the first time but will consider it to have been waived. *McRae* v. *Sears*, 183 *Ga.* 133, 136 (187 S. E. 664). The petition is accordingly being treated as though E. K. Ald-   .

ridge & Sons had been made a party in the first instance, since Delta Oil Company, Inc., the sole defendant on this writ of error, did not object to the allowance of the amendment on the ground that it sought to add a new party, and only renewed its general demurrers to the petition as amended.

■ In *Lumber Fabricators, Inc.* v. *Gregory*, 213 *Ga.* 356 (1) (99 S. E. 2d 145) it was held: "The plaintiff corporation alleges that it has 'furnished to said defendant, Edward B. Gregory, contractor, building materials to be used in the construction of a house on the above described lot, the value of said building material being $4,900'; but there is no allegation that the corporation had a contract with Gregory or any other person to furnish materials, nor is it alleged that the lien which it seeks to have foreclosed covers, in whole or in part, the contract price of the materials. 'In a proceeding to foreclose a materialman's lien, the plaintiff must show that the amount for which he asserts a lien comes, in whole or in part, within the contract price agreed on by the contractor and the owner of the property improved'; and 'A petition which fails to show that there was a contract with the owner of the property, or that the owner adopted the contract as one made for him, so as to bring him into contractual relations with the contractor furnishing the materials, does not state a cause of action for the foreclosure of a materialman's lien.' *Marshall* v. *Peacock*, 205 *Ga.* 891, 892 (55 S. E. 2d 354)."

In *Central of Georgia Ry. Co.* v. *Shiver*, 125 *Ga.* 218, 220 (53 S. E. 610), it was held: "It seems to be the purpose of the statute to charge the owner of real estate with a lien for material furnished only when there was a specific contract for the improvements made, either made by the owner or assented to by him. . . . There need be no contract between the materialman and the true owner, but there must be a contract for material with a person who has contracted with the true owner for the erection of the improvements. A contract is necessary to fix the liability of the owner and establish a privity between him and the materialman." Under the amendment of 1956, supra, another link has been added to the chain. It may now be said that there need be no contract between the materialman and the true owner, but there must be a contract for material between the true owner and

some person for the erection of the improvements and, if the materialman has not sold directly to such person, then there must also be shown a contract between that person and the person to whom the materialman furnished the materials, and it must further appear that the subject matter of this subcontract is a part of the owner's original contract and within the owner's cotractual commitment.

To establish and foreclose a lien on the owner's property it is never enough merely to show that the supplies which the materialman furnished were furnished for the purpose of, and in fact used in improving the owner's property. It must be shown also that the owner contracted with someone for these supplies to be furnished; that the person to whom the plaintiff furnished them was connected with that contract, and that the value of the material was within the contract price to which the owner agreed. None of these things appear from this petition. The plaintiff says merely that he sold certain material to one Samuel McClure to be used for improving, and that it was used for improving the owner's property. McClure is not a party to the action. He has no contract with the owner nor has he any contract with Aldridge & Sons under these allegations. The plaintiff has no contract with Aldridge & Sons and, in fact, it does not even appear that Aldridge & Sons has any contract with the owner. If the owner has a contract with anyone, the contractual amount does not appear and it is not alleged that the materials on which this lien is predicated come within such contractual amount. Thus, the petition fails to show any privity between the materialman and the owner.

However, if by inference it can be said that the petition shows a contract between Aldridge & Sons and the owner (which under the *Lumber Fabricators, Inc.*, case, supra, it does not) then by inference it must also be said to show that the owner received from E. K. Aldridge & Sons the affidavit required by Code § 67-2001 (2), the effect of which would be to dissolve the lien. The allegation that E. K. Aldridge & Sons are the owners of Delta Oil, Inc., and "they are one and the same" is a conclusion at variance with the alleged facts, since Delta Oil, Inc., is alleged to be a corporation, and E. K. Aldridge & Sons, whether a cor-

poration or a partnership, and whether or not it owns all of the stock of Delta Oil, Inc., is obviously not the same legal entity.

The trial court did not err in sustaining the general demurrer of Delta Oil, Inc., and dismissing the petition as to it.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*