38783.   HILL v. DEALERS SUPPLY COMPANY, INC.

DECIDED JUNE 14, 1961.

850

*S. S. Robinson,* for plaintiff in error.

*Fryer & Harp, William R. Harp,* contra.

BELL, Judge. ■ We first turn our attention to the question as to whether the trial court correctly sustained the general and special demurrers to the plaintiff's petition. The defendant Hill contends that there must be sufficient allegations in the petition to show there existed between the contractor and the owner of the property improved a specific type of contract or general account which would constitute all of the sales set out in the plaintiff's Exhibit "A" as one single transaction. The petition alleges that the petitioner furnished the building material as

shown by the exhibit to the petition to the contractor pursuant to an agreement between the contractor and the defendant Hill, and that the building materials were furnished for use on the property of Hill.

(a) The claim of lien is properly filed if it is recorded within three months of the date of the last item furnished. Thus, "Where material furnished by a materialman for the improvement of real estate is charged on open account, a lien for it recorded by the materialman within three months from the furnishing of the last item of material charged upon the open account is recorded within three months from the completion of the contract . . ." *Pippin v. Owens,* 29 Ga. App. 789 (1) (116 S. E. 549). See also *Crane Co. v. Hirsch,* 61 Ga. App. 632 (7 S. E. 2d 83). The evidence in the record shows the materialman charged the materials to the contractor on open account and also justifies the trial court's upholding the lien as timely filed.

(b) The defendant urges that language used by the Supreme Court compels the sustaining of the general demurrer to the petition in the present case. This language, found in the case of *Marshall v. Peacock,* 205 Ga. 891 (55 S. E. 2d 354), at page 893, is as follows: "In the absence of allegations of a contract, and the amount to be paid under the contract for materials, the petition failed to state a cause of action for any affirmative relief . . ." In the *Marshall* case a materialman claiming a lien sought to enjoin the sale of the property by the holder of a deed to secure debt. The facts recited there show that the materialman's petition did not allege a contract with the owner or any other person to furnish material, nor did it allege that the lien which he sought to have foreclosed covered in whole or in part the contract price of the material. On the other hand, in the present case the petition alleges a contract between the contractor and the owner and that the amount of lien claimed by the materialman was within the contract price between the owner and the contractor. Reading the *Marshall* case as a whole, the statement that the amount to be paid under the contract between the owner and the contractor for materials must be alleged in the materialman's petition appears to be dictum. It was not necessary for the decision in that case, since the plaintiff did

not allege a contract between the owner and the contractor, which is required under the statute. If the materialman had to allege in his petition the amount the owner had agreed to pay the contractor for the materials, it would appear impossible for the materialman to frame his petition to meet this requirement, since there is no feasible way for the materialman to determine at the time he files his petition the provisions of the contract between the other two parties. There would be placed an almost insurmountable obstacle to the enforcement of the materialman's lien, since the owner and contractor by refusing to divulge the price agreed upon for materials could by this means prevent the materialman from stating a cause of action in his petition. The *Marshall* case is cited with approval in *Lumber Fabricators, Inc. v. Gregory,* 213 Ga. 356 (99 S. E. 2d 145). However, in those cases there was in the petition no allegation that the materialman had a contract with the contractor or any other person to furnish materials, nor was there any allegation of a contract directly between the plaintiff materialman and the owners of the property.

For these reasons we do not find it to be necessary that the materialman allege in his petition the amount the owner had agreed to pay the contractor for the materials furnished.

(c) The second ground of demurrer, that the petition failed to allege a contract between the materialman and the owner, is obviously without merit, and so is the contention in the demurrer that the materialman has to make demand for payment upon the owner prior to seeking to enforce his lien. The relevant statutes do not require such a demand. Furthermore, the statutes governing the establishment of materialmen's liens are expressed in considerable detail, and the absence of any enunciated requirement in the statutes that a demand be made against the property owner is, we feel, conclusive upon this issue.

The trial court did not err in overruling these general and special demurrers to the petition.

■ The first special ground of the amended motion for new trial contends the materialman's lien as recorded in the records of the Superior Court of Fulton County was illegally

admitted, because the material on seven of the invoices was delivered more than three months prior to the filing of the materialman's lien. Under the rulings in *Pippin v. Owens*, 29 Ga. App. 789 (1), supra, and *Crane Co. v. Hirsch*, 61 Ga. App. 632, supra, this objection was without merit.

■ The second special ground urges that the evidence does not show that the plaintiff materialman sold the merchandise to the contractors in reliance upon the existence of any contract between them and the defendant property owner. We do not find anything in the statute or the decisions which requires that the materialman, in selling the materials, act in reliance upon the contract between the contractors and the property owner. But even if this were required, the petition alleges the existence of a contract and that the materials were delivered pursuant to it. This, in any event, would be a sufficient allegation to comply with *Code Ann.* §§ 67-2001-2.

■ The third and fifth special grounds contend that the judgment in favor of the materialman was illegal and void because some of the items sold were defective. The record reveals there is some dispute as to this and that approximately $25 would be required to repair the air conditioning unit. This ground is without merit. The defendant's contract was with the contractor who installed the unit, and his remedy for any improper installation, damage, or defects in the items installed would be against the contractor and not against the plaintiff materialman, with whom the defendant admittedly had no contractual relationship.

Also included in the fifth special ground of the amended motion for new trial is a contention that the court erred in failing to enter judgment in favor of the defendant owner of the property because he had paid cash for the materials purchased from the contractor. This ground is also without merit. The fact that the contractor has been paid for the material, without more, is no defense against the subsequent claims of laborers or materialmen. Thus, "In a suit by a materialman to foreclose his lien for material furnished a contractor for the improvement of the real estate of another, the latter may defend by showing that he has paid the full contract price to the con-

tractor, and that the money has been applied by the contractor to the settlement of debts incurred in the performance of his contract, which would have been liens upon the property improved. *The burden is upon the property owner to show that the money which was paid to the contractor was applied only to liens which could be asserted against the property. Prince v. Neal-Millard Co.,* 124 Ga. 884 [53 S. E. 761, 4 Ann. Cas. 615]." *Tuck v. Moss Mfg. Co.,* 127 Ga. 729, 731 (56 S. E. 1001). (Italics ours). The record here reveals that while the defendant property owner proved payment to the contractor, he did not go further and carry the burden of showing that the contractor had applied the payment to valid claims of laborers and materialmen. The defendant cites *Wooten v. Ford,* 46 Ga. App. 50 (3) (166 S. E. 449), which seems to hold that the mere fact of payment by the owner of the building of all the money due to the contractor under the contract prevents a judgment in favor of the materialman. If this interpretation of the *Wooten* case is correct, that case is in error and conflicts with the prior case of *Tuck v. Moss Mfg. Co.,* 127 Ga. 729, supra, which is controlling, and we think is the proper conclusion. The other grounds of error assigned in the amended motion for new trial are without merit.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*