38984. SECKINGER v. SILVERS.

DECIDED SEPTEMBER 5, 1961—REHEARING DENIED SEPTEMBER 21, 1961.

*Crawford, Leeb & Calhoun, John R. Calhoun,* for plaintiff in error.

*Brannen, Clark & Hester, Perry Brannen,* contra.

NICHOLS, Judge. Attached to the petition as an exhibit was a lease between Mrs. Silvers, as landlord, and Sykes, as tenant, under the terms of which the landlord leased the property in question to the tenant for a period of seven years. Such lease provided in part as follows: "The premises are leased as vacant land. As an integral part of the consideration entering into this lease, tenant agrees to construct a masonry building of approximately 1200 square feet according to the plans and specifications set forth in Exhibit 'A'. As a part of the improvements, the tenant is also to provide a satisfactory paved area for parking of automobiles and to install such septic tank arrangements

as will meet the health department requirements and law dealing with sanitary arrangements. All of said construction and improvements shall be at the expense of the tenant who agrees that he will not permit any lien to be placed upon the premises in connection with said improvements and that he will not contract any obligation in connection therewith in the name of the landlord. Tenant agrees prior to beginning business to furnish landlord with satisfactory evidences of payment showing that all bills in connection with the improvements have been paid." The lease elsewhere provided: "It is distinctly understood and agreed that no estate of any kind or character is hereby conveyed and that the landlord does not grant and the tenant does not acquire, any rights in and to the properties and premises hereby leased, excepting only the use and occupation thereof." The allegations of the petition, where contradicted by the exhibit, must yield to the exhibit where as here the alleged relationship between the two defendants is based on the exhibit and the exhibit shows such relationship to be different from that alleged in the petition. See *Spiegel v. Hays*, 103 Ga. App. 293, 297 (119 SE2d 123), and citations.

The only contract alleged between the defendant Sykes and the defendant Silvers was that of landlord and tenant, and while a part of the consideration flowing to the landlord was the building to be erected by the tenant this did not change the actual relationship between them. In *Marshall v. Peacock*, 205 Ga. 891, 893 (55 SE2d 354), the Supreme Court quoted the following language from *Central of Ga. Ry. Co. v. Shiver*, 125 Ga. 221 (53 SE2d 610): "It seems to be the purpose of the statute to charge the owner of real estate with a lien for material furnished only when there was a specific contract for the improvements made, either made by the owner or assented to by him. . . The statute provides that 'in no event shall the aggregate amount of liens claimed exceed the contract price of the improvements made.' There could be no limit upon the true owner's liability for material furnished, unless the materials were furnished under some contract to which he was a party expressly or by implication. . . There need be no contract between the materialman and the true owner, but there must be

a contract for material with the person who has contracted with the true owner for the erection of the improvements. A contract is necessary to fix the liability of the owner and establish a privity between him and the materialman. A stranger may not order work done upon real estate and thus charge the true owner. Neither may a tenant, unless there is some relation existing between him and his landlord other than that of lessor and lessee." See also *Stevens Supply Co. v. Stamm*, 41 Ga. App. 239 (152 SE 602), where it was held that a general demurrer to a petition seeking to foreclose a lien for materials furnished to improve real estate was good where the lease contract provided for the repairs to be made. In that case it was held: "The nature of the repairs does not appear, and for whose benefit they were to be made is not clear. The lessee was to make them, and it is a fair presumption that he was to pay for them. Certainly there is nothing to show that the lessor was to pay directly for the repairs or that she was to reimburse the lessee for doing so. The lessee was acting for himself alone in contracting to have the improvements made. He was not the agent of the lessor in that transaction. There was no contractual relation between the contractor and the lessor as to the making of the repairs, and, consequently, no materialman's lien."

The contract in the present case shows that the improvements were to be made at the expense of the tenant and not of the landlord. Accordingly, the trial court did not err in sustaining the general demurrer of the landlord and dismissing the petition as to her.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*