## 39929. WOLD v. NORTHCUTT.

BELL, Judge. 1. The petition here seeks to assert a materialman's lien and to recover under the lien. It is fatally defective for the reasons, inter alia, that the petition contains no allegations of a contract between the owner and the contractor for the accomplishing of improvements upon the owner's property and the amount to be paid under the contract for materials, *Marshall v. Peacock*, 205 Ga. 891 (55 SE2d 354); *Lumber Fabricators, Inc. v. Gregory*, 213 Ga. 356 (99 SE2d 145), nor that the contractor in purchasing the materials was acting as the agent of the owner or that the contract of purchase was ratified by the owner. *Morgan v. May Realty Co.*, 86 Ga. App. 261 (71 SE2d 438). The trial judge properly sustained the general demurrer to the petition.

2. The plaintiff in error objects to the failure of the trial court to grant additional time so as to have permitted the plaintiff below to amend the petition prior to the sustaining of the general demurrer and the dismissal of the petition. The record shows that no request was made by the plaintiff for additional time within which to amend nor was an amendment

offered prior to the time of the judge's final order of dismissal. In this situation there can be no complaint by the plaintiff that the petition was dismissed.

The trial judge did not err in failing to allow additional time for the filing of amendments nor in dismissing the petition. *Ripley v. Eady & Mayfield,* 106 Ga. 422 (32 SE 343); and *Compton v. Weekes,* 107 Ga. App. 283 (129 SE2d 824).

*Judgment affirmed. Carlisle, P. J., and Hall, J., concur.*

DECIDED FEBRUARY 19, 1963.

*Miles B. Sams,* for plaintiff in error.
*Arthur L. Crowe, Jr., John M. Sikes, Jr.,* contra.