## 47965. NEEL v. HICKS et al.

BELL, Chief Judge. In this suit to foreclose a lien, the defendants' motion for summary judgment was granted and plaintiff's denied. The denial of plaintiff's motion was certified for appeal. The facts are not in dispute. The defendants entered into a "lease" with Pizza Inn, Inc. in October, 1969. The lease contained provisions that Pizza Inn agreed to build a building on defendants' property to be completed by June 1, 1970, barring strikes, acts of God, or delays beyond control of Pizza Inn. Upon completion of the building and acceptance by defendants, they would purchase the building from Pizza Inn for $50,000, and then the lease would become binding and Pizza Inn, Inc., as a tenant would pay a stipulated monthly rental for a period of years. Pizza Inn contracted with Construction Concepts, Inc. to construct the building and the latter in turn contracted with plaintiff to construct curbs, gutters, and sidewalks. Plaintiff filed a notice of claim of lien on the property on December 15, 1970, having previously obtained a judgment from Construction Concepts for the amount due in the notice of claim of lien. *Held:*

Defendants argue that the lease conclusively shows that any improvements made on the property were made while a landlord and tenant relationship existed and therefore under the law of this state no materialman's lien can be placed against their property. A tenant cannot order work done upon the demised premises and charge the owner with the cost, unless there is some relation existing between him and his landlord other than that of lessor and lessee, by virtue of which the landlord expressly or impliedly consents to the contract under which the improvements were made. *Stevens Supply Co. v. Stamm,* 41 Ga. App. 239 (152 SE 602). Knowledge of the landlord that the improvements are being made is insufficient to charge him or his premises with their costs; he must expressly or impliedly authorize the tenant to make the improvements for the former's benefit. *Central Ga. R. Co. v. Shiver,* 125 Ga. 218 (53 SE 610). The contract here in question provides very specifically that "after all parties have properly executed the within lease" tenant agrees to begin construction of a building described by linear dimensions in accordance to plans and specifications attached and made a part thereof. The lease also provided that the defendants had the option if they chose to construct the building

themselves. This part of the lease also provided for a certificate from all contractors and subcontractors involved in the construction of the building certifying that all bills had been paid and there were no liens against the building. Lastly, it provided that upon completion and acceptance of the building by Pizza Inn, the defendants would purchase the building from the tenant for the amount of $50,000 payable in cash. The critical provision is that which provided that upon payment of the purchase price for the building by defendants, the lease would then become binding upon the parties and the rent due and payable as of the date of payment of the purchase price. Here it is clearly shown that at the time of the execution of this agreement no landlord and tenant relationship arose. The contract at the time of execution was merely an agreement between defendants and Pizza Inn, Inc. to construct a building to which defendants specifically assented and for which defendants were to pay the agreed purchase price. Upon completion of the building and payment by defendants the contract ripened into a lease. The plaintiff has shown that he is entitled to judgment. Therefore, it was error for the trial judge to grant the defendants' motion for summary judgment and to deny plaintiff's.

*Judgment reversed with direction to enter judgment for plaintiff. Deen and Quillian, JJ., concur.*

ARGUED MARCH 5, 1973 — DECIDED JUNE 14, 1973.

*Ralph T. Bowden, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Marion Smith, II,* for appellees.