## 57579. COLUMBUS SQUARE SHOPPING CENTER COMPANY v. B & H STEEL COMPANY, INC.

McMURRAY, Presiding Judge.

On February 11, 1976, a lease agreement was executed between Columbus Square Shopping Center Company, a general partnership, as the landlord and F/A Columbus Square, Inc., an alleged corporation, as tenant, which was signed by Kenneth Burgess. The demised premises was 1500 square feet of floor space in the shopping center. On March 1, 1976, another lease agreement was executed between Columbus Square Shopping Center Company, a general partnership, as landlord, and New Orleans, Inc., an alleged corporation, as tenant. This lease was signed by Kenneth E. Burgess. The demised premises was 3480 square feet of floor space in the shopping center. Burgess executed separate guaranty agreements as an inducement for the two leases for the full and prompt payment of the rent for the first two years of the term of each lease. Both contracts provided for the commencement date of the leases which were for terms of 10 years to begin sixty days after delivery of the demised premises to tenant "or the date in which tenant opens the Demised Premises for business, whichever occurs first." Both contracts provided for construction upon the demised premises. An exhibit attached provided for certain work to be performed by the landlord such as structure, interior, finish and utilities without expense to tenant and certain work was to be performed by the tenant at tenant's expense with reference to the interior of the demised premises. Both contracts provided for construction allowance to tenant in the amount of a

reduction in its fixed minimum rent equal to 12 consecutive monthly installments thereof for a total amount not to exceed $17,820 as to the New Orleans, Inc. contract, and $7,500 as to the F/A Columbus Square, Inc. contract.

Burgess thereafter contracted with B & H Steel Company, Inc. for certain materials, goods and labor which were used in improving the property of Columbus Square Shopping Center. A claim of lien was later filed against the property and recorded within three months from the completion of the work. A suit on contract and to foreclose the lien was then filed by B & H Steel Company, Inc., as plaintiff, against Kenneth Burgess and Columbus Square Shopping Center Company for judgment in the amount of $10,458.24, which was the amount of the claim of lien. Plaintiff, in accordance with its amendment, sought a general judgment against defendant Burgess in that amount and to be awarded a special judgment giving a lien in rem on said real estate of Columbus Square Shopping Center Company set forth in the suit.

Burgess failed to answer, and a default judgment was obtained against him. Columbus Square Shopping Center Company answered admitting jurisdiction and venue but generally denying the other averments of the complaints, thus denying the claim.

A jury trial was then held, and a verdict in favor of the plaintiff and against Columbus Square Shopping Center entitling plaintiff to a lien in the amount of $11,130.91 was returned by the jury. A judgment was then entered in favor of the plaintiff as a special lien in the amount of $11,130.91 plus interest and costs upon all of the interest of the defendant in the Columbus Square Shopping Center Company property therein described in the judgment which was the same as that sought in the suit. Whereupon, defendant filed a motion for judgment notwithstanding the verdict in accordance with its motion for directed verdict made at the close of all testimony or, in the alternative, motion for a new trial. The trial court, stating there was a conflict in the evidence as to one or more material issues of fact and that no judgment was demanded, denied the motion for judgment notwithstanding the verdict and denied the motion for

new trial based on the general grounds. Defendant appeals. *Held:*

Defendant contends herein that the sole issue is whether or not the plaintiff could place a valid materialman's lien on its property inasmuch as to create a valid materialman's lien on the property owned by it there must be a relationship other than landlord/tenant between Columbus Square Shopping Center Company as landlord and Kenneth Burgess as tenant, or that it actually contracted with the plaintiff to purchase the materials involved in this suit. It argues that there was no evidence of a direct contractual relationship between plaintiff and defendant and that the lease agreements show clearly that the tenant had only a usufruct interest in the premises which is not subject to liens, levy or sale and even though it was for a term of 10 years was not an estate for years.

Plaintiff's argument in its brief, however, is that both leases involved in this case contained construction contracts between Columbus Square and Burgess, the tenant, whereby the tenant was to be paid for the construction work through a rental allowance. Burgess' testimony here was that neither of the named corporate tenants had ever been incorporated and that he considered each lease agreement executed by him to actually be between himself personally and Columbus Square. His testimony was conclusive as to the rental allowance and that the leasehold arrangements between the landlord and tenant did not begin until after the plaintiff had completed all of its work.

Counsel for plaintiff contends that the instant case is factually identical to that of *Neel v. Hicks,* 129 Ga. App. 206 (199 SE2d 393). The contention is therefore made that Mr. Burgess, the tenant, was acting as a contractor for the owner (the defendant, Columbus Square Shopping Center Company) and that the judgment should be affirmed based on *Neel v. Hicks,* 129 Ga. App. 206, supra.

"A tenant cannot order work done upon the demised premises and charge the owner with the costs, unless there is some relation existing between him and his landlord other than that of lessor and lessee, by virtue of which the landlord expressly or impliedly consents to the

contract under which the improvements were made. *Stevens Supply Co. v. Stamm,* 41 Ga. App. 239 (152 SE 602)." *Neel v. Hicks,* 129 Ga. App. 206, supra. While a personal judgment cannot be entered against a defendant landowner who is not a party to a contract for a purchase of material and labor in which a lien has been filed against the landowner's property, it is not necessary that there be a contract between the landowner and the materialman to obtain a judgment in rem. See *Hill v. Dealers Supply Co., Inc.,* 103 Ga. App. 846 (1c) (120 SE2d 879); *Chambers Lumber Co., Inc. v. Hagan,* 118 Ga. App. 392, 394 (163 SE2d 847); *Marshall v. Peacock,* 205 Ga. 891 (55 SE2d 354); *Lumber Fabricators, Inc. v. Gregory,* 213 Ga. 356, 358 (99 SE2d 145). Here there was a specific contract for the improvements made prior to the commencement date of the lease with a rental allowance in stated amounts. Thus, there need be no contract between the materialman and the true owner, but there must be a contract for material between the true owner and some person for erection of the improvements. *Athens Elec. &c. Co. v. Delta Oil, Inc.,* 101 Ga. App. 515, 518 (114 SE2d 289); *Marshall v. Peacock,* 205 Ga. 891, 893, supra; *Lumber Fabricators, Inc. v. Gregory,* 213 Ga. 356, 358 (1), supra. Clearly, the plaintiff was entitled to a mechanics' and materialmen's lien upon the property here as authorized by Code Chapter 67-20, as amended (Ga. L. 1941, p. 345; 1952, pp. 291, 292; 1953, pp. 582, 585; 1956, pp. 185, 187, 188, 189; 1956, pp. 562, 568; 1960, pp. 103, 104; 1967, p. 456; 1968, pp. 317, 318). The jury was authorized to find in favor of the plaintiff, and the trial court did not err in denying the motion for judgment notwithstanding the verdict and for new trial.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 16, 1979 —

*Hatcher, Stubbs, Land, Hollis & Rothschild, J. Barrington Vaught,* for appellant.

*James D. Patrick,* for appellee.