## 58066. CAPITAL MECHANICAL, LTD. v. DOBBS HOUSES, INC.

McMURRAY, Presiding Judge.

This case involves the foreclosure of a mechanic's and materialman's lien in which summary judgment was granted in favor of the owner. The trial court found "no written or oral express contract between the plaintiff and defendant . . . and no facts from which a contract can be implied which would obligate the defendant for the plaintiff's claim." Plaintiff appeals. *Held:*

1. The motion to dismiss the appeal for violation of Rule 14 (a) (now Rule 27 (a) (Code Ann. § 24-3627)) and Rule 16 (a) (now Rule 14 (Code Ann. § 24-3614)) is denied. The brief and enumeration of errors were filed in time under these rules, albeit later than 20 days allowed, thereby subjecting the appellant to contempt rather than dismissal of the appeal.

2. Generally a landlord is not liable for improvements contracted for by the tenant. See *Rutland Const. Co. v. Gay Estate,* 193 Ga. 468 (18 SE2d 835); *Seckinger v. Silvers,* 104 Ga. App. 396 (121 SE2d 922). See *Consolidated Lumber Co. of Ga. v. Ocean Steamship Co.,* 142 Ga. 186 (1), 189 (82 SE 532). However, the landlord may be liable for such improvements to the lienholder if he has authorized, expressly or impliedly the tenant to make such improvements for his benefit. *Consolidated Lumber Co. of Ga. v. Ocean Steamship Co.,* 142 Ga. 186, 190, supra; *Neel v. Hicks,* 129 Ga. App. 206 (199 SE2d 393); *Columbus Square Shopping Center Co. v. B & H Steel Co.,* 150 Ga. App. 774; *Hill v. Dealers Supply Co., Inc.,* 103 Ga. App. 846 (1, 3) (120 SE2d 879).

3. The evidence here shows in the lease contract that if any improvements were to be made by the tenant in possession they were "the sole responsibility of the tenant," hence no expense incurred or payments made by the tenant were to be reimbursed by the landlord, and all of which, if made, were to be "at Tenant's sole cost and expense." The lease shows clearly no express or implied liability for improvements made or to be made. See *Stevens Supply Co. v. Stamm,* 41 Ga. App. 239 (152 SE 602); *Seckinger v. Silvers,* 104 Ga. App. 396, supra.

The case differs on its facts entirely from that of *Neel v. Hicks,* 129 Ga. App. 206, supra, and *Columbus Square Shopping Center Co. v. B & H Steel Co.,* 150 Ga. App. 774, supra.

4. The trial court did not err in finding that the tenant was unauthorized to make improvements for the benefit of the landlord for which landlord would be liable.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED JULY 11, 1979 — DECIDED
SEPTEMBER 4, 1979.

*Gregory W. Sturgeon,* for appellant.
*Barry B. McGough,* for appellee.