*Robert C. & Philip H. Alston,* contra.

---

MILNER *v.* WELLHOUSE.

FISH, C. J. On the trial of an action for land, brought by Wellhouse against Milner, the following facts appeared: McAdams owned a parcel of land. Milner, a materialman, furnished him material for its improvement, the last of which was furnished February 10, 1914. Milner's claim of lien was filed and recorded within the statutory period, viz., May 9, 1914, and was foreclosed on October 30, 1915. The land was sold by the sheriff, on January 4, 1916, under the foreclosure proceedings, Milner becoming the purchaser, and taking a sheriff's deed of that date to the land. Under this deed he went into possession. On February 23, 1914, Gutman made a loan of money to McAdams, and on that date took a deed from him to the land in question, to secure the payment of a promissory note given by McAdams to Gutman for the loan, payable five years after date, with provision for earlier maturity upon failure to pay interest annually. The note was payable to Gutman or his order. Before its maturity he transferred it by indorsement without recourse on him to Wellhouse, who obtained judgment thereon against McAdams on July 6, 1915, with a special lien on the land. Gutman, on May 10, 1916, reconveyed the land to McAdams for the purpose of levy and sale under the Wellhouse judgment. After this conveyance was filed and recorded the execution issued on such judgment was levied on the land, and the same was sold by the sheriff, Wellhouse becoming the purchaser and taking the sheriff's deed dated June 6, 1916. It did not appear that Gutman, at the time of making the loan to McAdams and taking the security deed from him, had any knowledge or notice of any claim of lien by Milner. The court directed a verdict in favor of the plaintiff for the premises. *Held:*

1. In a contest between a materialman's lien which was recorded within the time prescribed by law, and a security deed executed by the common debtor after the material was furnished, but before the record of the

materialman's lien, where it affirmatively appears that the security deed was upon a valuable consideration, and there is nothing to show actual knowledge to the grantee, or knowledge of any fact sufficient to put him upon inquiry as to the existence of the materialman's lien, the presumption arises that the grantee in the security deed is a purchaser without notice. *Williams* v. *Smith*, 128 *Ga.* 306 (57 S. E. 801); *Marshall* v. *Pierce*, 136 *Ga.* 543 (71 S. E. 893).

2. Where title to real estate is conveyed by a duly recorded deed to secure a debt, and the grantee takes the deed and advances the money loaned without knowledge or notice of a materialman's lien and before its record, the title thus acquired is superior to such lien. *Bennett Lumber Co.* v. *Martin*, 132 *Ga.* 491 (64 S. E. 484).

3. The transfer of a negotiable promissory note secured by a deed under the provisions of the Civil Code, § 3306, although the transfer be made by indorsement of the payee on the note without recourse upon him, will not discharge the land from the encumbrance placed upon it by the deed. *Henry* v. *McAllister*, 93 *Ga.* 667 (2), 670 (20 S. E. 66).

4. Applying the foregoing principles to the facts of the case it was not error to direct a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*

No. 568. AUGUST 13, 1918.

Complaint for land. Before Judge Pendleton. Fulton superior court. June 21, 1917.

*J. F. Golightly,* for plaintiff in error.
*Candler, Thomson & Hirsch,* contra.