32040.   WEST. LUMBER COMPANY *v.* GIGNILLIAT.

DECIDED JUNE 5, 1948.   REHEARING DENIED JULY 8, 1948.

*Herbert Johnson, Ross Arnold*, for plaintiff.

*Grant, Wiggins, Grizzard & Smith, Drennan & Brannon*, for defendants.

FELTON, J. There was no dispute about the amount of materials furnished for the improvement of the property. The defendant Gignilliat testified on cross-examination, without objection, that he entered into a sale contract for the purchase of the house involved in February, 1946; that he entered into a contract to purchase the house when it was finished; that from February, 1946 until September 20, 1946, when he got a deed to the property, he constantly followed the direction of the house; that he was there every few days; that from February until September 20, Falkenberg & Meador Inc. were building the house for him; that at the time he contracted for the house the foundation had already been put in the ground; that the house was basically built the way he wanted it and that he made some minor changes in the plans; that he knew nothing of where the

materials for the house came from; that at the time of the completion of the purchase of the house the attorney handling the matter stated to him that an affidavit was being prepared to the effect that there were no outstanding bills or liens.

■ The defendant in error contends that the direction of the verdict was proper because there was no evidence that Gignilliat contracted with the West Lumber Co. or that he purchased the property with knowledge of its claim of lien. We do not agree with this contention. Under certain circumstances that contention states the true rule but the cases in which the rule is stated are those which do not involve an executory contract of sale and the participation by both parties in the construction of the improvements on the premises. The words "true owner" as used in this lien statute, Code § 67-2001, does not mean legal title. It has been held many times that such a lien obtains on whatever interest the one has who has the right and authority to cause the improvements to be made. *James G. Wilson Mfg. Co.* v. *Chamberlin-Johnson-DuBose Co.*, 140 *Ga.* 593 (79 S. E. 465), and cases cited. We think the principle of law has been so well stated in this State that further discussion is superfluous except possibly to apply the rule to the particular facts of this case. In the case of *Williams* v. *Brewton*, 170 *Ga.* 164 (152 S. E. 441), it was held that the liens of laborers and materialmen do not rest upon contract but upon the law, that the title of the true owner can not be subjected to liens for materials or labor done in its improvement unless he expressly or impliedly consents to the contract under which the improvements are made; that "when, however, the vendor has in some way consented to the improvement of real estate by his vendee, or has expressly or impliedly authorized it, or has co-operated with the vendee in plans for the improvements, or has been active and instrumental in having the improvements made, such liens will attach to his property. 40 C. J. 111 (§ 111) cc."; that "If a vendor and his vendee co-operate in plans for the erection of improvements upon real estate covered by their agreement, the interest of the vendor as well as that of the vendee is bound for the payment of liens for labor and material furnished for such improvements. *Guiou v. Rickman*, 77 Neb. 833 (110 N. W. 759, 124 Am. St. R. 877)." While the case of *Williams* v. *Brewton*, supra, deals with the

lien as it affects the vendor, what is ruled therein necessarily applies to the vendee in an executory contract of sale as shown in the citation of the Nebraska case, where the same circumstances appear which bind the vendee. It would seem, furthermore, that public policy would require such a conclusion. Otherwise the lien laws could be circumvented by placing the title to land in contractors who could in turn agree to sell the lot as improved. Then the purchaser could claim to be a bona fide purchaser upon receipt of a deed to the property and materialmen and laborers would have no recourse upon the property. A more exhaustive search of foreign authorities would no doubt reveal other holdings similar to the above, but the answer is so clear and the rule so sound, sensible and just, that we rest content with what we have stated. The purchaser here consented and co-operated in the improving of the property with the vendors, and under the facts and the pleadings, the lien of West Lumber Co. on the improved property is binding as against Falkenberg & Meador Inc., and William Robert Gignilliat. The rule of actual notice of claim of lien does not apply except as to those who do not consent to or co-operate in the making of improvements. The law charges with notice those who consent or co-operate. There was no waiver of lien or affidavit showing all bills for labor and material paid. The evidence demanded a verdict in favor of the plaintiff's lien against the property, binding on both the defendants.

The court erred in directing a verdict that the plaintiff is not entitled to a lien against the real estate of William Robert Gignilliat and generally in favor of Gignilliat.

*Judgment reversed. Sutton, C. J., Parker, J., concur.*