## 43864.  CHAMBERS LUMBER COMPANY, INC.
## v. HAGAN.

SUBMITTED SEPTEMBER 5, 1968—DECIDED SEPTEMBER 25, 1968.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellant.

*Greer, Sartain & Carey, Joe B. Sartain, Jr.,* for appellee.

QUILLIAN, Judge.  ■  In support of the motion for summary judgment the defendant submitted an affidavit of the builder, Clark Brothers, stating that all work and materials furnished for the construction of the house had been paid.

In response to the motion the plaintiff filed an affidavit of Hubert Clark, a partner of Clark Brothers, who signed the builder's affidavit.  The affidavit stated in part that: "Deponent further states that he merely signed his name to the signature blank and that he was not sworn by any officer authorized to administer oaths nor did he state that he was giving his signature under oath or that he was swearing to the contents thereof but merely signed his name without further comment."

The defendant contends that the motion was properly granted

because after the builder's affidavit, required by *Code* § 67-2001, as amended (Ga. L. 1953, pp. 582, 583; Ga. L. 1956, p. 185, and pp. 562, 565), was introduced stating that all bills for materials had been paid, the materialmen's lien did not attach. Had there been no attack as to the legal execution of the affidavit, a verdict for the defendant would have been demanded. *Chambers Lumber Co. v. Gilmer,* 60 Ga. App. 832 (5 SE2d 84). Where an affidavit regular on its face is introduced, the burden is on the attacking party to prove that it was not legally executed. *Britt v. Davis,* 130 Ga. 74, 76 (60 SE 180).

In the present case Mr. Clark's affidavit stated that no oath was administered and that he did not state that his signature was being given under oath or that he was swearing to the contents of the document. In *Bertha Mineral Co. v. Buie,* 27 Ga. App. 660 (109 SE 539) it was held: "Where a person signed a paper in the form of an affidavit for the purpose of foreclosing a mechanic's lien, and then procured a duly authorized officer to attest it by signing the jurat, but in fact no oath was taken or administered, or anything tantamount thereto, the paper did not constitute a legal affidavit." The court further pointed out at p. 663 that the "evidence shows conclusively that no oath was administered, nor anything done which the law deems sufficient as amounting to the administration of an oath. Therefore the paper claimed to be an affidavit can neither suffice as such nor furnish a basis for the foreclosure of a mechanic's lien." The facts stated in the affidavit submitted in response to the motion for summary judgment were sufficient to present an issue for the jury as to whether the builder's affidavit constituted a legal affidavit.

■ The defendant further insists that because there was no contractual relationship between the defendant and the plaintiff the materialmen's lien would not attach. In support of this argument he cites Cutler-Hammer, Inc. v. Wayne, 101 F2d 823. In the Wayne case, supra, it was held that it was error to enter a personal judgment against the defendant because the defendant landowner was not a party to the contract for the purchase of the material. In the present case the plaintiff sought to obtain a judgment in rem and not a personal one. I ι *Hill v.*

*Dealers Supply Co.,* 103 Ga. App. 846 (1c) (120 SE2d 879) it was held that it was not necessary that there be a contract between the landowner and the materialman to obtain a judgment in rem. To obtain such a judgment it is necessary, as was alleged in the case sub judice, that there be a contract between the landowner and the person who purchased the materials for the erection of the structure. *Marshall v. Peacock,* 205 Ga. 891, 893 (55 SE2d 354).

There being a material issue of fact, it was error to grant the summary judgment.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*