## 48698. BENNETT IRON WORKS, INC. v. UNDERGROUND ATLANTA, INC.

Quillian, Judge. Bennett Iron Works, Inc. (hereinafter referred to as Bennett) commenced this action in rem to foreclose a lien for labor used and materials furnished by Bennett for the improvement of premises occupied by Underground Atlanta, Inc. (hereinafter referred to as Underground) under a 99-year lease. The complaint was amended to include a demand for judgment in personam in addition to the in rem action. The case came on for trial before the court sitting without a jury and resulted in the granting of Underground's motion to dismiss Bennett's complaint, which motion was made at the conclusion of the plaintiff's evidence; and the entry of the court's order granting the motion. *Held:*

1. A true owner includes one who holds a leasehold estate. "The words 'true owner,' as used in the Civil Code, § 3352, providing for liens of materialmen and all persons furnishing material for the improvement of real estate, are sufficiently comprehensive to include the owner of a leasehold estate, and the liens therein provided for may attach to the interest of a lessee who has an estate for years in the demised premises, subject to the conditions of the lease." *Wilson Manufacturing Co. v. Chamberlin-Johnson-DuBose Co.,* 140 Ga. 593 (79 SE 465). See *West Lumber Co. v. Gignilliat,* 77 Ga. App. 336, 338 (48 SE2d 688).

2. It appears that Bennett actually performed the labor under a contract between it and English Roadhouses, Inc. Bennett originally brought a proceeding against English Roadhouses, Inc.

but this proceeding ceased when English Roadhouses, Inc. went into bankruptcy. Under Code Ann. § 67-2002 (3) (Ga. L. 1941, p. 345; 1952, pp. 291, 292; 1953, pp. 582, 585; 1956, pp. 185, 189; 1956, pp. 562, 568; 1960, pp. 103, 104; 1968, pp. 317, 318) bankruptcy relieves against the necessity of obtaining a judgment against the contractor prior to proceeding against the "true owner of the property." *Taylor v. Mateer & Co.,* 117 Ga. App. 565, 566 (161 SE2d 394).

3. We now consider whether the trial judge correctly granted Underground's motion to dismiss under Rule 41 (b) of the Civil Practice Act (Code Ann. § 81A-141 (b); Ga. L. 1966, pp. 609, 653).

In *Chambers Lumber Co. v. Hagan,* 118 Ga. App. 392, 393 (163 SE2d 847), we pointed out that it was error to enter a personal judgment against the defendant where the defendant landowner was not a party to the contract for the purchase of the material, but it was not necessary that there be a contract between the landowner and the materialmen to obtain a judgment in rem, citing *Hill v. Dealers Supply Co.,* 103 Ga. App. 846 (1c) (120 SE2d 879). "To obtain such a judgment it is necessary, as was alleged in the case sub judice, that there be a contract between the landowner and the person who purchased the materials for the erection of the structure." *Chambers Lumber Co. v. Hagan,* 118 Ga. App. 392, 394, supra.

In *Athens Electric Supply Co. v. Delta Oil, Inc.,* 101 Ga. App. 515, 518 (114 SE2d 289), citing *Central of Ga. R. Co. v. Shiver,* 125 Ga. 218 (3) (53 SE 610), it was held: "It seems to be the purpose of the statute to charge the owner of real estate with a lien for material furnished only when there was a specific contract for the improvements made, either made by the owner or assented to by him . . . Under the amendment of 1956 . . . It may now be said that there need be no contract between materialmen and the true owner, but there must be a contract for material between the true owner and some person for the erection of the improvements." See also *Marshall v. Peacock,* 205 Ga. 891 (55 SE2d 354); *Lumber Fabricators v. Gregory,* 213 Ga. 356, 358 (99 SE2d 145).

The record contains a letter between the respective officers of Underground Atlanta and English Roadhouses, Inc. which recites the following agreement: "1. English Roadhouses, Inc. will be responsible for cost and installation of all required fire exits in this building including the necessary alterations to provide a fire exit right of way from the Chessboard to the Shaw

Clothing Building… 3. In exchange for providing this labor and material, Underground Atlanta, Inc. will give English Roadhouses, Inc. a rent credit of $5,000.00." This agreement was dated July 7, 1971 and further set out that Underground Atlanta would furnish English Roadhouses, Inc. $2,500 in cash in August and $2,500 in September in lieu of the rent credit if it was necessary and if English Roadhouses required it. This agreement between Underground and English Roadhouses meets the requirements of the above cited cases.

On motion to dismiss under Civil Practice Act § 41 (b), "since the court determines the facts as well as the law, it necessarily follows that the motion may be sustained even though plaintiff may have established a prima facie case." *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195, 197 (180 SE2d 286). However, the trial judge did not make findings of fact and did not consider the motion to dismiss as a mixed question of law and fact as is provided in Civil Practice Act § 41 (b). 5 Moore Federal Practice 1155 et seq., § 41.13[4]. See Civil Practice Act § 52 (a) (Code Ann. § 81A-152 (a); Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). See also *Todd v. Waddell,* 120 Ga. App. 20, 22 (169 SE2d 351). Instead, he determined, as a matter of law, that there was no contract between Underground and English Roadhouses. We have decided to the contrary and since the amount sought was within the terms of the contract and there also appears to be a contract between English Roadhouses and Bennett, it was error to grant the motion to dismiss.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED OCTOBER 2, 1973 — DECIDED JANUARY 25, 1974.

*Ernest J. Nelson, Jr.,* for appellant.
*Ernest D. Brookins,* for appellee.