62798. GLOVER LINOLEUM & CARPET COMPANY, INC. v. TUTTEROW et al.
62799. GLOVER LINOLEUM & CARPET COMPANY, INC. v. YANCEY et al.

DEEN, Presiding Judge.

The Tutterows purchased their newly constructed residence from Shaw Builders, Inc., the builder. Carpeting and vinyl flooring were ordered for the house by the builder and installed between

December 21, 1979, and January 2, 1980. On January 29, a warranty deed from the builder to the Tutterows was filed for record. Appellant's claim of lien was not filed until February 13, 1980. There is no evidence demanding a finding that the purchasers were aware of the unpaid account, and the court found that they were not.

The case represents a simple contest of priorities in which the defendants, whose deed predates the filing of the claim of lien, must necessarily prevail. "In a contest between a materialman's lien which was recorded within the time prescribed by law, and a security deed executed by the common debtor [or, as here, a warranty deed executed by the owner] after the material was furnished, but before the record of the materialman's lien, where it affirmatively appears that the . . . deed was upon a valuable consideration, and there is nothing to show actual knowledge to the grantee, or knowledge of any fact sufficient to put him upon inquiry as to the existence of the materialman's lien, the presumption arises that the grantee in the . . . deed is a purchaser without notice." *Millener v. Wellhouse,* 148 Ga. 275 (1) (96 SE 566) (1918). As previously stated, the court found no actual notice of the lien on the part of the purchasers, and we cannot say that, where the delivery and installation occurred three or four weeks prior to the recordation of the deed, the evidence demands a finding that the defendants *should have known* of the unpaid bill. The case is thus distinguishable from *West Lumber Co. v. Gignilliat,* 77 Ga. App. 336 (48 SE2d 688) (1948).

A substantially identical state of facts appears in the companion case in which the Yanceys also purchased from the builder, Shaw Builders, Inc., who failed to pay the appellant materialman. It is accordingly controlled by case no. 62798.

*Judgments affirmed in case nos. 62798 and 62799. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 17, 1981.

*Danny C. Bailey,* for appellant.
*J. Tyler Tippett, Walter H. Hotz,* for appellees (case no. 62798).
*Glenn H. Strother,* for appellees (case no. 62799).