**In re MURPHY ELECTRIC COMPANY, INC., Debtor.**

**Bankruptcy No. 86–01350.**

United States Bankruptcy Court,
D. South Carolina.

June 3, 1987.

452

Brian S. Wade, Columbia, S.C., for debtor.

Robert F. Anderson, Robert F. Anderson, P.A., Columbia, S.C., trustee.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the debtor's objection to a proposal of the trustee to settle his dispute with contractors as to the disbursement of proceeds of a construction contract.

The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code [1] on April 28, 1986, and a trustee has been appointed. The debtor is owed $14,275.70 (the proceeds) by William C. Logan and Associates, Inc., (Logan) for services performed under a contract for the construction of a public school. The trustee gave notice to creditors on June 3, 1986, that he intended to allow Logan to disburse to the subcontractors of the debtor $11,561.59 of the $14,275.70 Logan owed to the debtor, with the remaining balance to be turned over to the estate.

The debtor has objected to the proposed disbursement of the proceeds, alleging that the liens of the subcontractors could not attach to the proceeds.[2] The debtor contends that the proceeds are part of the debtor's estate.

The trustee contends that the proceeds are not property of the estate and are payable by Logan to the subcontractors of the debtor; or, in the alternative, if the proceeds are property of the estate, the liens of the subcontractors have already attached and are afforded a first lien status by S.C.Code § 29-7-10 (1976).

## ISSUE

May the trustee have a lien provided by S.C.Code § 29-7-10 (1976) avoided when the proceeds which would secure the lien are not received by the prime contractor prior to the debtor's filing a petition for relief under the Bankruptcy Code?

## DISCUSSION

### I

S.C.Code § 29-7-10 (1976) states, in pertinent part:

Any contractor in the erection, alteration, or repairing of buildings in this State shall pay all laborers, subcontractors and materialmen for their lawful services and material furnished out of the money received from the erection, alteration or repairs of buildings upon which such laborers, subcontractors and materialmen are employed or interested and such laborers, as well as all subcontractors and persons who shall furnish material for any such building, shall have a first lien on the money received by such contrac-

---

1. Further references to the Bankruptcy Code are by section number only.

2. The issue was not raised as to whether or not the debtor has proper standing to object. Normally, a claim or interest, proof of which is filed under § 501, is deemed allowed unless a party in interest objects. See § 502(a). "There is a question as to whether the debtor is a party in interest within the meaning of section 502(a)." *Collier on Bankruptcy* ¶ 3:502.01. Also, *see generally Willemain v. Kivitz,* 764 F.2d 1019 (4th Cir.1985), (chapter 7 debtor lacked standing to appeal proposed sale of his primary asset since it would neither have returned solvency to debtor's estate nor have provided him with a surplus). Resolution of the matter presently before the court will neither return the debtor's estate to solvency nor provide the debtor with a surplus. However, this issue has not been raised and will not be determined at this time.

tor for the erection, alteration or repair of such building in proportion to the amount of their respective claims.

Notwithstanding the language of the South Carolina statute stating that the subcontractors shall have a first lien on the money received by the prime contractor, the subcontractors are able to retroactively perfect their liens in the proceeds that have not been actually received by the prime contractor. The liens arose by operation of law when the subcontractors furnished labor and materials for the construction of a public school. These events occurred before the debtor filed its petition for relief. The subcontractors will be able to perfect their liens once the proceeds are in the hands of the prime contractor or debtor. "If a mechanics lien, filed and perfected post-petition, relates back to a pre-petition event, then the lien is not avoidable by the trustee." *In re WWG Industries*, 772 F.2d 810, 13 C.B.C.2d 1053 (11th Cir.1985); *See also, Collier on Bankruptcy*, ¶ 4:545.04(2), 4:546.03 (15th ed. 1979).

## CONCLUSION

1. The subcontractors have statutory liens in the proceeds, pursuant to S.C.Code § 29-7-10 which the trustee may not avoid.

## ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the debtor's objection to the trustee's settlement is overruled and the proposed disbursement allowed.