### In re BUTLER CONSTRUCTION COMPANY, Debtor.

### BUTLER CONSTRUCTION COMPANY, Plaintiff,

### v.

### AMERICAN BLUEGRASS MARBLE CO., et al., Defendants.

**Bankruptcy No. 3–89–00793(11).
Adv. No. 3–89–00051.**

United States Bankruptcy Court, W.D. Kentucky.

Dec. 28, 1989.

F. Kenneth Conliffe, Louisville, Ky., for Leedco.

Harry B. Diamond, Louisville, Ky.

Travis Combs, Jr., LaGrange, Ky.

## MEMORANDUM OPINION AND ORDER

HENRY H. DICKINSON, Bankruptcy Judge.

This matter is before the Court on the motion of creditor/defendant, Leedco Interiors Systems, Inc. ("Leedco") for judgment on the pleadings regarding the claim of East and Westbrook Concrete Construction Company, Inc., ("East"). It is Leedco's position that East should be denied its status as a claimant holding a mechanics' lien solely because East did not perfect its mechanics' lien until after the filing of debtor's Chapter 11 proceeding. East responded to Leedco's motion insisting that its mechanics' lien can be perfected post-petition and that its mechanics' lien claim which was perfected post-petition should be allowed equal status with the mechanics' lien claim of Leedco, and seven other mechanics' lien claim holders, all of which were perfected pre-petition.

Some facts would be helpful to fully understand the true nature of the dispute now before the Court. Some of the pertinent facts are as follows: At the time that Butler Construction filed its Chapter 11 petition herein on March 16, 1989, it was the owner of five condominium units in Building A, Phase One, in Royal Coach, a condominium in Louisville, Kentucky. These five units were subject to a first and superior mortgage lien in favor of Great Financial Federal Savings and Loan Association (Great Financial) and eight perfected mechanics' liens, one in favor of Leedco and seven others in favor of firms or individuals which had also furnished either labor or materials to Butler in connection with the construction of various condominium units in Royal Coach.[1]

Shortly after its bankruptcy proceeding was commenced, Butler filed this adversary proceeding against the holders of the eight perfected mechanics' liens asking this Court to determine "the status and validity of various mechanics' liens." Butler has asserted in its adversary proceeding that some or all of the eight perfected mechanics' liens should be adjudged to be invalid due to improper perfection under applicable non-bankruptcy law but none of these issues are now before the Court.

After this adversary proceeding was commenced, the debtor's five condominium units were sold pursuant to motion, notice and order of the Court in the main bankruptcy proceeding. This sale was made free and clear of all liens pursuant to Section 362 of the Code with the liens to attach to the sale proceeds in the same priority and with the same validity as they attached to the five units which were sold pursuant to court order. From the sale proceeds of the five units, the first and superior mortgage lien of Great Financial was satisfied in full and there now remains net sale proceeds of approximately $55,000.00 for eventual distribution to the perfected mechanics' lien holders. Unfortunately, the aggregate amount of the eight mechanics' liens perfected pre-petition exceeds $239,-000.00 and a pro-rata distribution among the eight would be required.

---

1. These "seven others" are *American Bluegrass Marble*, 2/2/89; *Jim Caple*, 12/5/88; *Central Glass*, 2/7/89; *Crawford Excavating*, 2/24/89; *John B. English & Sons*, 1/25/89; *Paulin Electric Co.*, 1/10/89; and *John D. Roggenkamp*, 3/3/89.

But wait a minute! After the bankruptcy proceeding was filed, but allegedly still within the six month period permitted by state law to perfect its mechanics' lien, East filed its lien statement in the Jefferson County Clerk's Office. So, instead of only eight mechanics' lien holders, all of which were perfected pre-petition, there are now nine mechanics' lien holders, all allegedly timely perfected in accordance with applicable non-bankruptcy (Kentucky) law.

The true nature of the dispute before the Court now becomes a little clearer. The issue is: Are the net sale proceeds of approximately $55,000.00 to be divided pro-rata among eight claimants or are they to be divided among nine claimants? Or, stated a little differently: Should a mechanics' lien claimant who perfected post-petition, but in accordance with applicable non-bankruptcy law, be permitted to share pro-rata with mechanics' lien claimants who perfected pre-petition in accordance with applicable non-bankruptcy law? After due consideration of the facts of this particular case and after considering Sections 545 and 546 of the Code, together with Collier on Bankruptcy (15th Ed.1989), as well as Kentucky's statutes regarding perfection and treatment of statutory liens, Chapter 376 of K.R.S., this Court concludes that the answers to the above questions are "9" and "yes" respectively.

Although it is clear that a creditor has no power to avoid statutory liens under Section 545 of the Code, the result would be the same if the debtor in possession/trustee were the movant in this matter.

"What the Lord giveth, the Lord also taketh away," and by like manner the power and authority which the Bankruptcy Code gives to trustees in Section 545(2) is effectively limited, or taken away, in this case by Section 546(b). See 4 Collier on Bankruptcy Section 545.04 (15th Ed.1989) on pages 545–20, 21 wherein it is stated:

Consequently, if the holder of a statutory lien that the trustee could avoid under Sec. 545(2) still has, as of the date of the filing of the petition, under applicable non-bankruptcy law, the opportunity to perfect his lien against an intervening interest holder, then *the holder of the statutory lien may perfect his interest, within the time allowed by the applicable law, against the trustee notwithstanding the intervention* of the bankruptcy case (emphasis added).

It is clear that Section 546(b) permits the post-petition perfection of a mechanics' lien to be effective against a trustee provided Kentucky law would permit this result. This position is supplemented by Section 362(b)(3) which permits such a post-petition perfection notwithstanding the automatic stay. The mere filing of the bankruptcy petition in this case should not cut off East's right to timely perfect its mechanics' lien in accordance with Kentucky law so as to deprive it of the opportunity of sharing pro-rata with other mechanics' lien holders who perfected pre-petition. To hold as Leedco suggests, would thwart the result which would be reached under state law except for the filing of the bankruptcy, and therefore such a holding is expressly prohibited by Section 546(b). *Collier* summarizes by stating simply "in short, the Code (§ 546(b)) protects those who are protected by applicable state law." 4 Collier on Bankruptcy, Section 546.03. Since East would share pro-rata with Leedco and the "other seven" lien holders under Kentucky law (assuming all have effectively perfected pursuant to K.R.S. ch. 376) then the same result must be obtained here notwithstanding Butler's intervening bankruptcy.

Accordingly, the motion for judgment on the pleading filed by Leedco is OVERRULED.