In re B.J. PACKING, INC., Debtor.

Elizabeth A. VAUGHAN,
Trustee, Plaintiff,

v.

Lee FISHER, et al., Defendants.

Bankruptcy No. 92–3047.
Related No. 90–33607–S.

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 29, 1993.

Donna Weaver, Toledo, OH, for plaintiff.

Wendy J. Gibson, Cleveland, OH, for GlenFed Financial Corp.

Eric A. Mertz, Defiance, OH, for Strable Paving, Inc.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Plaintiff's Motion for Summary Judgment in which Plaintiff seeks Orders determining that the mortgage of GlenFed Financial Corporation (hereafter "GlenFed") has priority over the mechanic's lien of Strable Paving, Incorporated (hereafter "Strable") and removing Strable's mechanic's lien from the records of the Defiance County Recorder. Strable failed to file a responsive pleading or Motion for Summary Judgment. The Court has reviewed Plaintiff's written arguments, all supporting affidavits, and exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, this Court finds that the branch of Plaintiff's Motion for Summary Judgment seeking a determination that GlenFed's mortgage has priority over Strable's mechanic's lien should be Granted. The branch of Plaintiff's Motion for Summary Judgment seeking the removal of Strable's lien from the records of the Defiance County Recorder should be Denied.

### FACTS

Debtor is the previous owner of real property located at 1340 West High Street, Defiance, Ohio. GlenFed obtained a mortgage, totalling approximately Ten Million and 00/100 Dollars ($10,000,000.00) on the subject real property, which was filed and perfected on June 9, 1988. Strable obtained a mechanic's lien on the subject real estate amounting to approximately Six Thousand One Hundred Sixty–Five and 00/100 Dollars ($6,167.00), emanating from construction commenced on the subject real estate during the Summer of 1990. Strable's lien is dated October 25, 1990; was filed for record on October 25, 1990; and was recorded on November 1, 1990. Plaintiff does not raise an issue regarding the validity of Strable's lien.

On October 17, 1990, Debtor filed its Petition for relief under Chapter 7 of the Bankruptcy Code. On May 3, 1991, an Order Approving Sale of Defiance and Troy Plants and Contents, Including Equipment, Free and Clear of Liens, With Valid Liens Attaching to Proceeds was journalized. The Defiance, Ohio property was divided for sale and on September 30, 1991, Webster Olsen purchased a parcel of the subject real estate for Two Hundred Thirty Thousand and 00/100 Dollars ($230,000.00). The City of Defiance purchased the remaining parcel on December 2, 1992, for Thirty One Thousand Seven Hundred Fifty Two and 00/100 Dollars ($31,752.00). After disbursements, the estate received Two Hundred Four Thousand and 00/100 Dollars ($204,000.00) and Eleven Thousand Nine Hundred Forty Five and 53/100 Dollars ($11,945.53) from transactions with Mr. Olsen and with the City of Defiance respectively. The sale was made subject to the liens on the property; and assurances by the Trustee and Counsel that litigation would commence to clear title.

On February 11, 1992, Plaintiff filed a Complaint To Remove Liens And To Determine The Validity, Priority And Extent Of Liens On Certain Real Estate Located At 1340 West High Street, Defiance, Ohio. Defendants GlenFed and Strable filed an Answer on March 18, 1992. Plaintiff filed a Motion for Summary Judgment and Strable failed to file any pleading in response.

### LAW

I. Relevant portions of the *United States Code* read as follows:

A. 11 U.S.C. § 101(53).

"statutory lien" means lien arising solely by force of a statute on specified circum-

stances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;

B. 11 U.S.C. § 545(1)(A) through (F).

§ 545. Statutory liens.

The Trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

. (1) first becomes effective against the debtor—

(A) when a case under this title concerning the debtor is commenced;

(B) when an insolvency proceeding other than under this title concerning the debtor is commenced;

(C) when a custodian is appointed or authorized to take or takes possession;

(D) when the debtor becomes insolvent;

(E) when the debtor's financial condition fails to meet a specified standard; or

(F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;

C. 11 U.S.C. § 546(b).

§ 546. Limitations on avoiding powers.

(b) The rights and powers of a trustee under sections 5454, 545 and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.

II. Relevant portions of the *Ohio Revised Code* read as follows:

§ 5301.23.

All mortgages properly executed shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated, and take effect from the time they are delivered to such recorder for record. The first mortgage presented must be the first recorded, and the first recorded shall have preference.

§ 1311.13.

Liens under sections 1311.01 to 1311.24, inclusive, of the Revised Code are effective from the date the first labor is performed, or the first machinery, materials, or fuel is furnished by the contractor under the original contract, and shall continue for six years after an affidavit is filed in the office of the county recorder under section 1311.06 of the Revised Code.

### DISCUSSION

The primary issue in this case includes the validity, extent and priority of mortgages and mechanic's liens. According to 28 U.S.C. § 157(b)(2)(K), core proceedings include determinations regarding the validity, extent, or priority of liens.

Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056 govern the standards for summary judgment. Summary judgment will be granted when the movant can demonstrate that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must be able to demonstrate all elements of the cause of action in order to prevail. *R.E. Cruise, Inc., v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Rule 56(c) mandates that summary judgment be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that parties' case. *Celotex, supra*, 477 U.S. at p. 323, 106 S.Ct. at p. 2552. A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253, 256 (Bkrtcy. N.D.Ohio 1987) (citing *In re Sostarich*, 53 B.R. 27 (Bankr.W.D.Ky.1985)).

Plaintiff argues that state law is determinative of the Debtor's property rights. See *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). In

support of this premise, Plaintiff cites OHIO REV.CODE ANN. § 5301.23 (Baldwin 1992) which provides that a properly perfected mortgage is effective upon delivery to the recorder's office for filing. According to OHIO REV.CODE ANN. § 1311.13 (Baldwin 1992), the mechanic's lien is effective either upon the first day that performance commences or delivery of the first material. Plaintiff concludes that GlenFed's mortgage was filed and perfected prior to the commencement of Strable's construction work and therefore GlenFed's mortgage takes priority over Strable's mechanic's lien.

■ This Court concurs with Plaintiff's analysis as it relates to the prioritization of GlenFed's mortgage and Strable's lien. In the absence of any controlling federal law, Congress has generally left the determination of property rights in the assets of a debtor's estate to state law. *Barnhill v. Johnson*, 503 U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992) (citing *Butner v. United States, supra*, 440 U.S. at 51–58, 99 S.Ct. at 916–919, 59 L.Ed.2d at 140–143)). Even though the Bankruptcy Court has exclusive jurisdiction of the subject matter, the validity of a mechanic's lien is determined by the law of the state in which it was created. According to OHIO REV.CODE ANN. § 1311.13 (Baldwin 1992), a mechanic's lien is effective from the date the first labor is performed; and it is preferred to all other liens or encumbrances given or recorded subsequent to the commencement of construction, excavation, or improvement. However, according to OHIO REV.CODE ANN. § 5301.23 (Baldwin 1992), a properly executed mortgage becomes effective upon delivery to the county recorder's office for recording. Under these principles, a mortgage filed prior to the commencement of construction work takes priority over liens subsequently acquired and filed.

■ GlenFed perfected its mortgage on June 9, 1988. Strable filed its mechanic's lien in Defiance County, Ohio on October 25, 1990. Strable's lien was recorded on November 1, 1990. It follows that GlenFed's mortgage takes priority over Strable's subsequently filed mechanic's lien.

■ The Court now turns its attention to the extent of Strable's mechanic's lien. By definition, mechanic's liens are statutory liens. See 11 U.S.C. § 101(53). Under 11 U.S.C. § 545, statutory liens may be avoided by the Trustee, subject to terms set forth in Section 546(b), which gives deference to state laws allowing the subsequently perfected lien to relate back to the date construction commenced. *In re WWG Industries, Inc.*, 772 F.2d 810 (11th Cir.1985). In accordance with OHIO REV.CODE ANN. § 1311.13 (Baldwin 1992), mechanic's liens relate back to the time that the first labor is performed; and are effective against liens subsequently arising as of that date. *In re Taylorcraft Aviation Corporation*, 168 F.2d 808 (6th Cir.1948).

■ Section 546(b) permits the postpetition perfection of a mechanic's lien to be effective against a Trustee provided state law permits this result. The filing for record of an affidavit for a lien merely perfects the lien. *Wayne Building & Loan Co. v. Yarborough*, 11 Ohio St.2d 195, 228 N.E.2d 841 (1967). The mere filing of the bankruptcy petition does not cut off the right to timely perfect a mechanic's lien so as to deprive the lien holder of the opportunity of sharing pro-rata in the proceeds from the sale of the property subject to liens. *In re Butler Constr. Co.*, 110 B.R. 281 (Bkrtcy.W.D.Ky.1989).

■ Debtor's Petition in Bankruptcy was filed October 17, 1990. Although filed for record and perfected after the filing of Debtor's Petition, under Ohio law, the effective date of Strable's lien relates back to commencement of construction. In the instant case, Strable's statutory lien was created in the Summer of 1990; filed for record on October 25, 1990; and perfected on November 1, 1990. Consequently, Strable's statutory lien became effective prepetition. Since there is no issue with respect to the validity of Strable's lien, Debtor's subsequent filing of the Petition in Bankruptcy does not terminate Strable's right to perfect its lien nor does it give rise

to grounds for avoidance of Strable's lien by the Trustee under 11 U.S.C. § 545. In accordance with this Court's Order Approving Sale of the Defiance Plant, all valid liens attach to the proceeds of sale. Strable's valid lien is subordinated in priority to GlenFed's mortgage; however, Strable's lien is not precluded from sharing pro-rata in the proceeds from sale of the property which was subject to the mechanic's lien.

Plaintiff has shown that there are no genuine issues of material fact with respect to the prioritization of liens; and that Plaintiff is entitled to summary judgment in part, as a matter of law. That branch of Plaintiff's Motion for Summary Judgment seeking removal of Strable's mechanic's lien from the records of the Defiance County Recorder should be Denied. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that the branch of Plaintiff's Motion for Summary Judgment seeking a determination that GlenFed's mortgage has priority over Strable's mechanic's lien be, and is hereby, **GRANTED.**

It is **FURTHER ORDERED** that the branch of Plaintiff's Motion for Summary Judgment seeking the removal of Strable's lien from the records of the Defiance County Recorder be, and is hereby, **DENIED.**

It is **FURTHER ORDERED** that Strable's mechanic's lien is valid; that GlenFed's mortgage takes priority over Strable's mechanic's lien; and that in accordance with this Court's Order Approving Sale of Defiance and Troy Plants and Contents, Including Equipment, Free and Clear of Liens, With Valid Liens attaching to Proceeds, Strable's mechanic's lien attaches to the proceeds of sale from the property located at 1340 West High Street, Defiance, Ohio.